NOT FOR PUBLICATION                                    (Docket Nos. 10, 11, 12, 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
TIMOTHY C. WELLS,                    :
                                     :
            Plaintiff,               :      Civil No. 08-5068 (RBK)
                                     :
      v.                             :      **OPINION**
                                     :
MICHAEL ASTRUE, COMMISSIONER         :
OF SOCIAL SECURITY,                  :
                                     :
            Defendant.               :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court upon application by Plaintiff Timothy C. Wells ("Plaintiff"), pursuant to 28 U.S.C. § 2412, for reimbursement of costs and attorneys fees. Pl. Br. 1-2. Plaintiff had previously successfully appealed from the decision of Defendant Commissioner of Social Security (the "Commissioner") denying his application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). The Commissioner objected to the amount of the attorney's fees requested, arguing that the requested compensation was excessive. Def. Br. 1.

The amount of attorney fees to be awarded must be reasonable. 28 U.S.C. § 2412(d)(2)(a). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice

1

ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Plaintiff has the burden of proving that the requested hours are reasonable. *Id.* at 437. Plaintiff represents that the costs and attorney's fees of filing the Social Security appeal amount to $7,824.78, based on 43.4 hours of work and a $350 filing fee. Cimino Aff. 1-2. The Court finds that 43.4 hours of work is a reasonable amount of time for this complex Social Security appeal. The 6th Circuit approvingly noted that "[a]n interesting in-house survey performed by Chief Judge Carl Rubin of the Southern District of Ohio and encompassing seven years of data found the average number hours asserted in a fee petition is 37.3 hours." *Rodriguez v. Bowen*, 865 F.2d 739, 747 fn.4 (6th Cir. 1989).

As to the hourly rate for attorney compensation, in 1996, the statute was amended to provide for plaintiff's fees of $125 per hour, subject to adjustment for inflation. In *DeWalt v. Sullivan,* 963 F.2d, 27- 29-30 (3rd Cir. 1992) the Court ruled that the Consumer Price Index (CPI) for urban households should be utilized to adjust for inflation. Plaintiff notes that the CPI-adjusted rate for $125 per hour in 1996 would be $172.23 in 2009, when Plaintiff's Social Security appeal was filed.

The costs and attorneys fees are to be paid directly to the client and can be offset by any liens owed to the government by the client. *Astrue v. Ratliff* , 130 S.Ct. 2521 (2010), *rev'g Ratliff v. Astrue,* 540 F.3d 800 (8th Cir. 2008).

In light of the above, the Court finds that $7,824.78 is not an unreasonable amount for costs and attorneys fees in this case. The Court therefore grants Plaintiff's application for costs and attorneys fees. An appropriate order shall enter.

Dated: 9/26/11                                              /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge

3